IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES E. HOELSCHER, JR.                                    PLAINTIFF

      v.                Civil No. 04-5208

BEAVER WATER DISTRICT                                      DEFENDANT

**O R D E R**

Now on this 16th day of September, 2005, comes on to be considered **Defendant's Motion for a Protective Order and Motion to Strike Attorney Colene Gaston as Witness (Doc. 35)** and **Defendant's Motion to Quash Subpoena of Colene Gaston (Doc. 44)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.   Plaintiff brings this action alleging, inter alia, that defendant terminated him because he notified the Arkansas Department of Environmental Quality ("ADEQ") that he believed defendant was violating its discharge permit and ADEQ rules and regulations.

    2.   In his initial disclosures, counsel for plaintiff identified defense counsel Colene Gaston as an individual likely to have discoverable information regarding various matters. Plaintiff's counsel has subpoenaed Gaston to appear for a deposition on Monday, September 19, 2005. In the motions now before the Court, defendant moves to quash the subpoena and also moves for entry of a protective order prohibiting plaintiff from deposing or calling Gaston as a witness in this case.

3. A party is entitled to take opposing counsel's deposition only where the party has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. See Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).

In his initial disclosures, plaintiff's counsel identified 28 potential witnesses. It appears many of these witnesses can testify to the same matters Gaston purportedly has knowledge of and, thus, plaintiff has failed to demonstrate that he has no other means of obtaining the subject information. Plaintiff is therefore not entitled to depose Gaston or call her as a witness.

4. Accordingly, **Defendant's Motion to Quash Subpoena of Colene Gaston (Doc. 44)** is **GRANTED**.

Likewise, **Defendant's Motion for a Protective Order and Motion to Strike Attorney Colene Gaston as Witness (Doc. 35)** is **GRANTED** and plaintiff is hereby prohibited from deposing Gaston or calling her as a witness.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE